| | | |
|---|---|---|
| | AUSA: Susan Fairchild | Telephone: (313) 226-9577 |
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: ☑ Julio Coronado | Telephone: (810) 989-5056 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
   v.

Alberto SANTOS-IXTEPAN

Case No.

Case: 2:26−mj−30183
Assigned To : Unassigned
Assign. Date : 4/7/2026
USA V. SANTOS−IXTEPAN (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 2, 2026 _____ in the county of _____ Macomb _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Julio J. Coronado, Border Patrol Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ April 7, 2026 _____

_____
*Judge's signature*

City and state: _____ Detroit, MI _____

Hon. David R. Grand, U.S. Magistrate Judge
_____
*Printed name and title*

I, Julio J. Coronado, declare the following under penalty of perjury:

1.      I am a United States Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol.  I have been employed in this capacity since June 11, 2007.  Currently, I am assigned to the Marysville Border Patrol Station.  The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol agents and records checks of law enforcement databases.  I have also reviewed the official immigration file and system automated data relating to Alberto SANTOS-IXTEPAN, which attests the following:

2.      The information set forth below is for the limited purpose of establishing probable cause.  Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3.      Alberto SANTOS-IXTEPAN is a thirty-six-year-old native and citizen of Mexico, who last re-entered the United States at or near an unknown place, on or about an unknown date, without being admitted, inspected or paroled by an Immigration Officer.

4.      On or about December 7, 2014, SANTOS-IXTEPAN was arrested by U.S. Border Patrol agents at or near Oxford, Michigan and was issued a Warrant of Arrest/ Notice to Appear (WA/NTA).

5.      On or about January 6, 2015, SANTOS-IXTEPAN was granted a bond by an Immigration Judge in the amount of $5000.

6.      On or about January 7, 2015, SANTOS-IXTEPAN posted bond and was released from ICE ERO custody.

7.      On or about September 19, 2018, SANTOS-IXTEPAN was arrested by the Oakland County Sheriff's Office for failing to pay child support. An immigration detainer was placed on him.

8.      On or about September 24, 2018, SANTOS-IXTEPAN was ordered removed in absentia by an Immigration Judge in Detroit, Michigan. He failed to appear for the scheduled hearing.  He was removed from the United States on October 2, 2018, through the Hidalgo, Texas port of entry.

9.     On or about April 2, 2026, SANTOS-IXTEPAN was arrested by the U.S. Border Patrol in Shelby Township, Michigan during a vehicle stop following targeted surveillance of his apartment.  SANTOS-IXTEPAN left his premises in a Lyft vehicle, which BP agents believe he used to conceal his identity while traveling in the area. During the vehicle stop SANTOS-IXTEPAN readily admitted to entering the United States illegally and not having permission to be in the United States legally.

10.     During a post-arrest interview, SANTOS-IXTEPAN indicated that he illegally entered the United States in 2019 by paying a smuggler $3000 to help him cross the border near Laredo, Texas. He then traveled by bus to Michigan.

11.     SANTOS-IXTEPAN was detained and transported to the Marysville Border Patrol Station for further investigation and processing. After confirming that he had previously been ordered removed by an Immigration Judge in Detroit, Michigan, his prior order was reinstated.

12.     The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

13.     Review of the alien file (A# xxx xxx 170) for SANTOS-IXTEPAN, and queries in U.S. Border Patrol computer databases confirm no record exists of SANTOS-IXTEPAN obtaining the express permission from the Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States following his last removal on October 10, 2018.

14.     Based on the above information, I believe there is probable cause to conclude that Alberto SANTOS-IXTEPAN, is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8 U.S.C. § 1326(a).

Julio J. Coronado, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Honorable David R. Grand
United States Magistrate Judge

April 7, 2026